IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HANOVER INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UREY COMPANIES, LLC, JAMES D. )<br>UREY, and TAMMY R. UREY, )<br>)<br>Defendants. ) | CIVIL ACTION FILE NO. |

## COMPLAINT

Hanover Insurance Company ("Hanover") files this Complaint against Urey Companies, LLC, James D. Urey, and Tammy R. Urey (collectively "the Indemnitors") and shows the Court the following:

### I.   JURISDICTION AND VENUE

1.

Urey Companies, LLC is a Georgia limited liability company whose members, on information and belief, are Georgia residents, has its principal place of business located in this District and Division at 11800 Amber Park Drive, Alpharetta, Georgia, and is subject to the jurisdiction of this Court, where venue is proper.

2.

James D. Urey is a citizen of the State of Georgia residing in this District and Division at 180 Wind Flower Court, Alpharetta, Georgia, is subject to the jurisdiction of this Court, where venue is proper, and is the president of Urey Companies, LLC.

3.

Tammy R. Urey is a citizen of the State of Georgia residing in this District and Division at 180 Wind Flower Court, Alpharetta, Georgia and is subject to the jurisdiction of this Court, where venue is proper.

4.

Hanover is a corporation formed under the laws of the State of New Hampshire with its principal place of business in Worcester, Massachusetts, and is licensed to do business in the State of Georgia.

5.

This matter concerns an amount in controversy greater than $75,000.00, exclusive of interest and costs.

6.

There is complete diversity of state citizenship between the Plaintiff and each of the Defendants, who are jointly and severally liable.

7.

This Court has jurisdiction of this matter under 28 U.S.C. § 1332(a), and venue is proper in this District under 28 U.S.C. § 1391(a).

## II. INDEMNITY AGREEMENT, LOSS AND EXPENSE, AND COLLATERAL

8.

Hanover issued payment and performance surety bonds ("the Bonds") on behalf of Urey Companies, LLC in connection with a subcontract with The Winter Construction Co. for concrete and other work on the Maynard H. Jackson High School project in Atlanta, Georgia and a subcontract with Caddell Construction Co., Inc. for concrete and other work on the Redstone Arsenal TEDAC Phase 1 project in Huntsville, Alabama ("the Bonded Projects").

9.

In consideration of Hanover's issuing Bonds on behalf of Urey Companies, LLC, the Indemnitors executed a General Agreement of Indemnity dated effective October 4, 2012 ("Indemnity Agreement") in favor of Hanover, an accurate copy of which is attached hereto as Exhibit A.

10.

Under the Indemnity Agreement, the Indemnitors agreed, among other things, jointly and severally to exonerate, indemnify, and save harmless Hanover from any and all liability, loss, cost, damage, and expense of whatsoever kind or nature, including, but not limited to, interest, court costs, and counsel, attorney's, consulting, accounting, and other professional and trade fees that Hanover sustains or incurs by reason of having executed any Bonds on behalf of Urey Companies, LLC or in enforcing the provisions of the Indemnity Agreement.

11.

The Indemnitors also agreed to post collateral security equal to any claim received by Hanover plus an amount deemed sufficient, in Hanover's discretion, to indemnify and hold Hanover harmless from loss and expense.

12.

The Indemnitors also agreed that Hanover and its designated agents shall have full and free access to the Indemnitors' books and records at any and all reasonable times until Hanover's liability under the Bonds is completely terminated and any claims on the Bonds fully satisfied.

13.

Winter Construction has made a claim for over $300,000 on the Bond on the high school project, Hanover has received notice of additional claims exceeding $80,000 on that project, and Caddell Construction has declared Urey Companies to be in default and is completing the subcontract on the Redstone Arsenal project, with an estimated excess cost to complete of over $470,000 claimed against the Bond on that project.  The total claims against the Bonds at this time exceed $850,000.

14.

Hanover has incurred expenses, costs, and consultant's and attorney's fees in investigating the claims against the Bonds, in attempting to mitigate such claims by seeking to have Urey Companies return to the Redstone Arsenal project, and in investigating and pursuing indemnification from the Indemnitors, including the initiation and prosecution of this action.

15.

On July 31, 2014, Hanover sent to the Indemnitors by U.S. mail and e-mail a demand, under Paragraph 3 of the Indemnity Agreement, for posting of cash collateral in the amount of $850,000; an accurate copy of the July 31 demand letter is attached as Exhibit B.  The Indemnitors have offered a third-priority security

interest in certain real property but have not posted cash or any other collateral in any amount.

### III.   COUNT ONE: INDEMNIFICATION

16.

Hanover incorporates by reference the allegations contained in Paragraphs 1 – 15 above as though restated in full.

17.

The Indemnitors are liable to Hanover, jointly and severally, under the Indemnity Agreement for all of the losses, expenses, costs, and consultant's and attorney's fees incurred and to be incurred by Hanover, all for which Hanover demands judgment against the Indemnitors.

18.

All conditions precedent to enforcement of the Indemnitors' duties and obligations under the Indemnity Agreement have been satisfied or performed or otherwise waived by the Indemnitors.

### IV.   COUNT TWO: COLLATERAL

19.

Hanover incorporates by reference the allegations contained in Paragraphs 1 – 15 above as though restated in full.

20.

As of its July 31, 2014 demand for posting of $850,000 in collateral, Hanover had been notified by the obligees on the Bonds of incurred and estimated claims that, after application of the remaining subcontract funds, total over $850,000, and Hanover has been incurring expenses, costs, and attorney's and consultant's fees above the amount of the claims.

21.

The Indemnity Agreement, Paragraph 3, requires the Indemnitors, upon demand, immediately to make payment as a deposit of collateral in kind and amount acceptable to Hanover.  Hanover's demand required collateral in the form of cash.  The Indemnitors responded by offering a third-priority security interest in real property.  As of the filing of this Complaint, the Indemnitors have not deposited with Hanover any collateral in any amount.

22.

Hanover will suffer irreparable harm if the Indemnitors are not required to post the collateral demanded.  A later award of a judgment for indemnification cannot remedy the loss of security or protect Hanover from having to use its own funds to pay claims under the Bonds.  The Indemnitors agreed that Hanover is entitled to hold the collateral as security and to use it to satisfy claims on the

Bonds, for which Urey Companies, LLC is primarily liable, and to reimburse Hanover for its costs and expenses incurred in performing its obligations under the Bonds and enforcing its rights under the Indemnity Agreement.  Enforcement of that agreement is not adverse to any public interest but is consistent with established Georgia law.

23.

Hanover is entitled to a mandatory preliminary injunction granting specific performance of the Indemnity Agreement's requirement that the Indemnitors post collateral as demanded in the amount of $850,000, and the Court should enjoin the Indemnitors from transferring or encumbering any of their assets until such collateral has been posted.

## V.     COUNT THREE: BOOKS AND RECORDS

24.

Hanover incorporates by reference the allegations contained in Paragraphs 1 – 15 above as though restated in full.

25.

The Indemnitors agreed, in Paragraph 8 of the Indemnity Agreement, to provide Hanover with full and free access to the Indemnitors' books and records at any and all reasonable times.

26.

Hanover has demanded that the Indemnitors make their business and personal financial books and records available to Hanover's accounting consultants, Nicholson Professional Consulting, Inc. The Indemnitors have provided limited access and partial information about Urey Companies, LLC but have failed to grant full and free access to the business books and records and have failed to provide any personal financial documentation, books, or records at all.

27.

Hanover faces claims on the Bonds in excess of $850,000 and cannot properly determine its defenses and liability, if any, without full access to the Indemnitors' books and records. Hanover is exposed to loss and expense that might be avoided given immediate access to the books and records that the Indemnitors agreed to make available. Hanover also risks loss of its rights to full indemnification without immediate access to the Indemnitors' personal books and records.

28.

Hanover will suffer irreparable harm unless granted immediate, full, and free access to the Indemnitors' business and personal books and records, as they agreed

in the Indemnity Agreement.  Enforcement of that agreement is not adverse to any public interest but is consistent with established Georgia law.

29.

Hanover is entitled to a mandatory preliminary injunction granting specific performance of the Indemnity Agreement's requirement that the Indemnitors provide immediate, full, and free access to their business and personal business books and records.

WHEREFORE the Plaintiff, Hanover, prays for the following relief:

(1) Judgment for all of the losses, costs, expenses, and consultant's and attorney's fees that Hanover has sustained and continues to sustain as a result of having issued Bonds on behalf of Urey Companies, LLC and enforcing the Indemnity Agreement, in an amount to be shown more fully at trial or hearing or by motion, together with interest on the amounts owed;

(2) A mandatory preliminary injunction requiring the Indemnitors immediately to post collateral with Hanover in the form of cash in the amount of $850,000.00 and barring transfer or encumbrance of the Indemnitors' assets until such collateral is posted;

(3) A mandatory preliminary injunction requiring the Indemnitors to provide immediate, full, and free access to their business and personal books and records; and

(4) An order granting all other such relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED,**

*s/Gregory R. Veal*
GREGORY R. VEAL
Georgia Bar No. 726615
*Attorney for the Plaintiff*

BOVIS, KYLE, BURCH & MEDLIN, LLC
200 Ashford Ctr. N., Ste. 500
Atlanta, Georgia  30338-2296
Telephone:  (770) 391-9100
Facsimile:  (770) 668-0878
grv@boviskyle.com

1642732